NOTE.—See Young's Estate, 30 Dist. R. 182.

---

## Bringhurst's Estate.

*Wills—Adopted children not to take as children where testator died before June 7, 1917—Family defined—Parol evidence.*

1. Where testator died before the Wills Act of June 7, 1917, P. L. 403, adopted children of a married daughter may not take under a gift in remainder to her children, even though by a subsequent codicil he authorized the daughter and "her family" to occupy one of his properties as a residence and she never had any children of her own.

2. The word "family" signifies a collective body of persons living together as members of the same household.

3. Parol testimony is inadmissible to show that the testator, after the adoption of the claimant, considered her a grandchild and treated her as such.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1914, No. 44.

Testator died Aug. 3, 1912, leaving a will dated Feb. 27, 1909, to which was added a codicil dated May 15, 1912. The will, after creating life estates for his three daughters, contained the following provision:

"And from and immediately after the death of my said daughters or any of them I order and direct my said Trustees to pay over, divide and distribute the part or share of the principal of my said residuary estate from which the one so dying was entitled to receive only the income share and share alike to and among each and every her child or children which shall then be living or the issue of any such as may then be deceased such issue however to take only the part or share to which his her or their deceased parent would have been entitled if living."

By the codicil he provided as follows:

"I direct that for a period of at least four (4) years after my death, the property at Ardmore, Pa. occupied by my daughter, Mrs. Lester Wittenburg and family, as a residence, shall be so continued without rent; and that the same conditions shall apply to the property at Llanerch, Pa. occupied as a residence by my daughter Mrs. Anna B. Martin and her family; and that in lieu of rent, for a period of four years (4) after my death, I direct that my administrator give to my daughter Helen B. Gemmill the sum of Twenty-five dollars ($25) per month for such period. These amounts to be considered separate and apart from other provisions made for them in my Will."

One of his daughters, Mrs. Martin, had no children when the will was made, and died without having any. The account was filed because of her death. It appears from the adjudication that on Feb. 2, 1911, she adopted, by proceedings regularly instituted in Common Pleas No. 4 of Philadelphia County,

1 D. & C.

December Term, 1910, No. 2725, a female child called Florence Emily Martin, whose guardian raised the question whether she was entitled to a distributive share of testator's estate under the above clause and codicil. At the time of her adoption, the child was about six weeks old; at the time of testator's death she had reached the age of about a year and nine months. Evidence was received by the auditing judge, under objection, that testator had manifested affection for this particular child, given her presents, and referred to her as his grandchild, and at one time said "he was now happy that each of his daughters had a child." The auditing judge (Gummey, J.) held this evidence inadmissible, and that the claimant could not share in the residue as a child of Mrs. Martin.

*R. M. Remick,* for exceptant; *Edward Wiener,* contra.

Gest, J., March 3, 1922.—If this case were to be decided upon the construction of the will of 1909, it must be conceded that the adopted child of Anna C. Martin could not take under the will. The meaning of the word "child" or "children," both in common parlance and in legal phraseology (leaving aside the matter of legitimacy), means the immediate offspring physically born or begotten by the person named as its parent. Even a bequest to the children of the testator himself does not, in the absence of some further expression of his meaning, include his own grandchildren or his stepchildren, and a bequest to the children of a daughter cannot include her adopted child, unless the will itself shows that the testator used the word in that sense, or unless some statutory canon of construction applies, as is now found in section 16 of the Wills Act of June 7, 1917.

It is argued, however, that the subsequent codicil of May 15, 1912, by which the testator directed that for four years after his death his property at Llanerch should continue to be occupied as a residence by Mrs. Martin "and her family," with a similar provision for another daughter, Mrs. Wittenberg, and a compensating bequest to the third daughter, Mrs. Gemmill, showed that the testator regarded the claimant as a child of Mrs. Martin, who had no natural-born children of her own. But this use of the word "family" does not in itself indicate such an intention. "Family," in this connection, is much broader in its meaning. It signifies the collective body of persons living together as members of the same household. It might include husband, natural-born children, grandchildren, stepchildren or servants, as well as an adopted child, all, in fact, who might reside with Mrs. Martin and sustain the family relationship to her. Even if it clearly appeared that the testator intended by this codicil to benefit the adopted child, specifically so far as the occupancy of the house is concerned, it would not follow that he intended the adopted child to take as a remainderman under that clause of the prior will which established a trust for Mrs. Martin, with remainder to her children. In our opinion, the codicil throws no light upon the question before us.

Parol testimony was introduced at the audit, subject to objection, to show that the testator, after the adoption of the claimant, considered her as a grandchild, etc., which the auditing judge referred to in his adjudication and found to be inadmissible. We think his conclusion was correct. Parol evidence is competent only to explain ambiguities in the will or to apply its provisions to the subject or person intended when the description is defective, uncertain or too general to be understood; but when the language of the will is plain, as it is here, parol evidence is not admissible in order, first, to create the ambiguity, and then afterwards to remove it. Evidence intended to afford a light by which what is said in the will may be read and understood is proper

Bringhurst's Estate.

and competent, but that is quite different from evidence whose effect is to introduce into a will that which is foreign to it, thus giving to it operative provisions which were not in it before. The mere fact that the will gives the remainder, after the death of Mrs. Martin, to her children, when she had no children at the time of the execution of the will, does not affect the case at all. When the will was written the testator desired merely to provide for the children whom Mrs. Martin might have before her death, and this is a usual and natural provision. The fact that when she died she had no children of her own would not justify the court in including her after-adopted child, and, as we have shown, the codicil does not affect the case.

Notwithstanding the able and thorough argument of the learned counsel for the exceptant, we are of opinion that the auditing judge correctly disposed of this case.

The exceptions are dismissed and the adjudication is confirmed absolutely.